## CHARLESTON.

BERTHA RANKIN *v.* WATT SUMMERS *et als.*

(No. 6760)

Submitted October 7, 1930. Decided October 21, 1930.

*Sam D. Lopinsky* and *D. L. Salisbury*, for appellant.
*D. W. Taylor, Frank L. Taylor* and *Roderick G. Merrick,* for appellees.

LITZ, JUDGE:

The plaintiff appeals from a decree dismissing her bill, in which she seeks to establish a parol trust in real estate.

The defendants are heirs at law of John Summers, who died intestate, in 1929, vested with the legal title to a tract of six acres, more or less, of land, situated on Lick Branch, in Kanawha County conveyed to him by Fred Whittington, in May, 1916, for a consideration of $950.00.

The bill alleged that the plaintiff paid one-half of the pur-

chase price under a parol agreement with Summers for one-half of the property; and prayed that she be decreed one-half ownership thereof. In addition to her own deposition, which is objected to as incompetent, the plaintiff offered the testimony of other witnesses to establish these allegations, as follows: C. C. Hill, testified that Summers, while negotiating for the purchase of the land, told him that he and the plaintiff, with whom he had been boarding, had "agreed to get" themselves "a place" and that he was going to buy this property; L. Holcomb, testified that Summers told him in November, 1928, that he and plaintiff had bought the land together and that she had invested in it about five hundred dollars; Lola Holcomb, testified that she heard Summers say in November, 1928, that plaintiff "put about $400.00 or more in the place and he allowed her one-half of it. And one-half belonged to her." A statement by Fred Whittington, read by agreement in lieu of his deposition, follows: "When I sold the property in question in the above styled chancery cause, John Summers, now deceased, told me that he and Bertha Rankin were buying the property together. I believe this statement was made just before the deed was delivered to said John Summers. The initial payment on the property was paid by check of Mrs. Rankin for $100.00 and $100.00 cash by Mr. Summers. The balance of the purchase price of $750.00 was paid by Mr. Summers and Mrs. Rankin, but I do not know how much if any of this was paid out of Mrs. Rankin's money. The initial payment was made before the deed was actually delivered to John Summers." She lived on the property with Summers from 1916 to the time of his death. The defendants offered no proof. The detailed evidence, which is borne out by the circumstances, clearly establishes the trust.

The decree of the circuit court will, therefore, be reversed and the relief prayed for granted.

*Reversed and decree entered.*